IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>CARLOS H. SOTO<br>Defendant | CRIMINAL 04-0127CCC |

# O R D E R

Before the Court is the Motion in Compliance With Court Order of August 15, 2005 filed by defendant Carlos H. Soto-Cruz on August 16, 2005 (**docket entry 171**), which is NOTED. Defendant has addressed the two matters on which the Court had requested further briefing before issuing a ruling: (1) the relevance of the testimony of his retained expert at sentencing and (2) the additional information to be presented at sentencing which would require that at least part of the hearing be closed to the press and the public.

<u>The expert's testimony</u>.

In support of the relevance of its retained expert for sentencing proceedings, Soto has stated that said expert would testify regarding the absence and/or failure in Morgan Stanley's internal controls and explained that the expert's information "is extremely relevant as part of defendant's position that the larger part of his fraud occurred at the request and with the aid and encouragement of Morgan Stanley's officers who stood to financially benefit from defendant's transactions." Motion, at p. 4. Still, the potential culpability of aiders and abettors in the fraud and the abuse of internal controls at Morgan Stanley do not lessen the guilt accepted by defendant in his plea of guilty for the offenses charged in Counts One through Twenty (mail fraud) and Count Thirty-Six (securities fraud). The fact that others may be civilly or criminally responsible is not a relevant factor at the imposition of sentence of defendant Soto. Thus, we reiterate that presentation of evidence in that regard will simply be unnecessary.

With regard to the relevance of the expert's testimony for "the calculation of the loss involved in this case and how the amount calculated in the PSR is substantially less (sic) than the

amount that should be attributed to the defendant" (Motion, at p. 4.), the Court notes that the Plea and Forfeiture Agreement between the United States and defendant Soto filed on October 6, 2004 (docket entry 60), and which served as the basis for his plea of guilty, contains a stipulation for the application of a twenty-level upward adjustment to his base offense level for the actual loss having exceeded $7,000,000.00.  The Pre-Sentence Report reflects that adjustment for the actual loss stipulated by the parties.  In addition, the Government's Version of the Facts attached to the Plea and Cooperation Agreement, which defendant subscribed, states that "Soto's scheme to defraud investors resulted in actual losses of more than ten million dollars ($10,000,000.00) . . ." and that it "affected financial institutions from which he derived more than one million dollars ($1,000,000.00) in gross receipts as a result of the offenses committed."  See Government's Version of the Facts, at p. 2.  Defendant is bound by his plea agreement and bound by the version of the facts to which he admitted which is an integral part of his plea agreement.  He cannot, subsequent to its execution, attempt to reduce the amount of loss agreed upon.  In fact, his plea agreement includes a clause by which he consents not to seek "further adjustments or departures to the defendant's base offense level...." Plea and Forfeiture Agreement (docket entry 60), at ¶ 10, pp. 8-9.  Given that the expert's testimony on the issue of loss at sentencing would only be used to controvert defendant's own stipulations on this matter, an action which would clearly constitute a breach of his plea agreement, it will not be allowed by the Court.

The closure of the sentencing hearing.

Defendant had previously alleged that there was "information regarding the defendant's background in the Pre-Sentence Investigation Report, which is of a truly confidential, intimate and personal nature, the elaboration of . . . which . . . would be better served by a private hearing." See Request for Evidentiary Hearing at Sentencing (**docket entry 157**), p. 3.  Said information, he added, "would be crucial for the court to better evaluate the treatment if any the Court decides to include in the conditions of his sentence."  Id.  Defendant was asked to provide "a more specific description of the additional information not already included in his Pre-Sentence Report which he intends to present to the Court during the sentencing hearing and for which he requests a closed hearing." Order dated August 15, 2005 (docket entry 169). Defendant has responded by indicating that the additional information has been included in a

CRIMINAL 04-0127CCC                        3

Sentencing Memorandum filed under seal on August 16, 2005 (**docket entry 173**), and that it consists of, among other data, statements under penalty of perjury of his wife, his two children, and of his expert witness, and evidence of administrative proceedings initiated by the SEC to bar him from associating with any registered broker or dealer.

Sentencing hearings are an essential component of the criminal proceedings, to which a qualified First Amendment right of public access attaches. United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005). Thus, before they may be closed to the public, the Court must make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (quoting Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14, 106 S.Ct. 2735). Defendant, however, has not advanced any colorable reasons, aside from indicating that during the hearing he wanted to elaborate information included in the PSR of a "confidential, intimate and personal nature," as to why his sentencing hearing should be closed. Certainly, none of the information which he attached as exhibits to the Sentencing Memorandum, described above, would require such an extraordinary remedy. Accordingly, the request for closure of the sentencing hearing (**docket entry 157**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on August 18, 2005.

                                                    S/CARMEN CONSUELO CEREZO
                                                    United States District Judge